MR. JUSTICE MORRISON,
specially concurring.
I concur in the denial of petition for rehearing. However, I wish to comment upon an aspect of the State’s argument.
The following quotation is taken from the petition for rehearing bearing the names of Mike Greely, Attorney General, State of Montana, James A. McCann, Roosevelt County Attorney, Chris Tweeten, Assistant Attorney General and Mark F. Racicot:
“It is obvious that in reaching this decision judicial restraint and stare decisis have been subrogated to the majority’s desire to produce what is perceived to be an equitable resolution of the case. Under the pretense of ‘interpretation,’ the majority has produced drastic changes in the law so far as the standard for reviewing evidence in the felony-murder rule are concerned. By forsaking judicial restraint and stare decisis in favor of exercising a power and function not legitimately granted, the majority has surreptitiously legislated amendments to the felony-murder rule and quietly altered a substantial body of case law.”
As one who experienced the frustrations of being a trial lawyer for some nineteen years prior to becoming a Justice of the Montana Supreme Court, I understand, better than *139 most, the gut-wrenching hurt following loss. Because I understand, my tolerance for overstatement is high.
Notwithstanding the latitude that should be accorded overzealous counsel, it is beneath the dignity of the Attorney General of this State to content that this Court engages in “pretense,” forsakes judicial restraint, surreptitiously legislates, and illegitimately exercises power. Such statements are false and are completely unnecessary to the points raised in the petition for rehearing. Worse, this language may demean the judicial process in the eyes of the public.
Petitions for rehearing are routinely filed in the Court after opinions are first released. Seldom do they ever make news print. For some strange reason, these unfounded accusations directed at the Court by the Attorney General’s staff received wide press attention. If that was the objective for the use of such statements, then the conduct was abhorrent. However, even without that objective, all counsel should be aware of the canons of professional ethics, specifically DR8-102(B) and DR7-106(C).